Sondra GRAHÁM *v.* Charles L. DANIELS,
Director of Labor, and
INDOOR COMFORT, INC.

CA 79-284                                                601 S.W. 2d 225
Court of Appeals of Arkansas
Opinion delivered June 11, 1980
Released for publication July 2, 1980

*Marsha L. Choate*, for appellant.

*Thelma Lorenzo*, for appellees.

STEELE HAYS, Judge. This is an unemployment insurance claim. The claimant has appealed a determination of the Agency denying benefits to her under the provisions of Section 5(a) of the Arkansas Employment Security Act, which held that she voluntarily quit her last work without good cause connected therewith. The determination of the agency was affirmed by the Appeals Tribunal and by the Board of Review.

The claimant had worked for Indoor Comfort, Inc. for approximately two years doing general office work under the supervision of Mr. R. C. Maines, President, and Mr. Kenneth Whalen, Service Manager. Claimant's explanation for her discharge was: "My boss (Mr. Manes) and I had a mutual disagreement." Claimant and her sister were working on July 5, 1979, having commenced work at 7:30 that morning. At approximately 1:00 PM claimant contacted Mr. Whalen by radio to ask if he was coming to the office to relieve claimant and her sister for lunch. Mr. Whalen directed claimant to lock up the office and go to lunch, whereupon Mr. Manes radioed in and instructed the two employees to go to lunch separately so that the telephone would not be unanswered during the lunch break. Mr. Manes came to the office and apparently repeated the instruction and notwithstanding the direct order for claimant and her sister to go to lunch separately, they both left for lunch. When claimant returned from the lunch break she stated that Mr. Manes did not speak with her and she and her sister wrote out their salary checks and left.

Appellant contends that under the foregoing circumstances, she did not quit her job voluntarily. However, by her own account of the events no other conclusion is possible. Claimant left for lunch with her sister against the direct and specific orders of her employer, Mr. Manes, and when she returned, instead of resuming her duties, she simply wrote out a check for her own wages and those of her sister and departed. We can conceive of no other characterization of the episode but that claimant voluntarily left her job.

Claimant argues, first, that the order was arbitrary and unreasonable and, second, that had she complied, a violation of Ark. Stat. 81-609 would have resulted. Ark. Stat. 81-609 is a section of Chapter 6, Title 81, entitled "Employment of Women" and provides that no woman shall be employed for more than six and one-half hours without a lunch or rest break. We do not agree that the order was arbitrary and unreasonable for the reason that an employer has a legitimate interest in having telephone calls answered during the lunch hour and that interest outweighs, we think, the desires of two employees to have lunch together. As to the second point,

Ark. Stat. 81-609 applies only to employers of more than three females and there is no showing that Indoor Comfort was subject to this provision of Title 81. Additionally, Ark. Stat. 81-628 (a part of the same chapter) provides penalties for employers who violate provisions of Chapter 6 and there is nothing in the chapter which even remotely suggests that an employee may voluntarily quit his job because of an isolated incident which might arguably be in violation of a section of this chapter and thereby preserve unemployment insurance benefits. We think the two acts have no co-relation.

The rather evident fact is that claimant was dissatisfied with her job for a number of unspecified reasons and by her repeated statements in the record the issue of the lunchbreaks "was not the main reason for (her) departure." Claimant testified that she told Mr. Manes that he had been unfair to her for six months, and that the argument between them was "for a lot of different reasons." Finally, claimant's statements that she was not sure whether she had quit first or had been fired first ("I think it was a mutual departure") lends strong support to the inference that her departure was voluntary rather than a dismissal.

Whether the claimant was justified in her belief that she was treated unfairly is not discernable from the record and whether it constitutes "good cause" is not at issue here. By her own account she simply wrote out her check and left. By no stretch of the imagination could it be said that she was discharged. Payment of unemployment insurance benefits under these circumstances would be going far beyond either the letter or the spirit of the Arkansas Unemployment Security Law.

The Board of Review is affirmed.